No. 25-_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

MAHMOUD KHALIL,

Petitioner-Appellee,

v.

WILLIAM P. JOYCE, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; CALEB VITELLO, Acting Director of Immigration and Customs Enforcement, KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, DONALD J. TRUMP, MARCO RUBIO, YOLANDA PITTMAN,

Respondents-Appellants.

_____

On Appeal from the United States District Court
for the District of New Jersey, No. 25-1963 (MEF) (MAH)

_____

## PETITION FOR PERMISSION TO APPEAL AN INTERLOCUTORY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY PURSUANT TO 28 U.S.C. § 1292(b)

_____

YAAKOV M. ROTH
Acting Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General

ERNESTO H. MOLINA
Deputy Director

SARAH S. WILSON
Assistant Director

ALANNA T. DUONG
DHRUMAN Y. SAMPAT
Senior Litigation Counsel

RACHEL BROWNING
JOSHUA C. McCROSKEY
Trial Attorneys

# **TABLE OF CONTENTS**

INTRODUCTION...................................................................................... 1

CONTROLLING QUESTIONS OF LAW PRESENTED........................... 2

BACKGROUND...................................................................................... 2

   I.  Legal Background ........................................................................ 2

   II.  Procedural Background................................................................ 4

   III. The District Court for the District of New Jersey's Motion to Dismiss and Certification Decisions ............................................................... 6

REASONS THAT THE PETITION SHOULD BE GRANTED............................. 8

   I.  The Decision Involves a Controlling Question of Law, the Immediate Appeal of which may Materially Advance the Ultimate Termination of this Litigation. 9

   II.  There is Substantial Ground for Difference of Opinion on whether the District Court has Habeas Jurisdiction. .............................................................. 10

     a.   Section 1631 Does Not Grant District Courts Remedial Authority They Otherwise Lack. ......................................................................... 11

     b.   Habeas Petitions Must be Filed in the District of Confinement and Name the Proper Respondent. ..................................................................... 14

     c.   Habeas Proceedings are not "Civil Actions." .................................. 18

CONCLUSION ...................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ali v. Sec'y, Dep't of Homeland Sec.,*
  Civ. Act. No. 11-2072, 2012 WL 15750 (D.N.J. Jan. 4, 2012) .................................. 17

*Allen v. Chertoff,*
  Civ. Act. No. 10-1003 (FLW), 2010 WL 743916 (D.N.J. Mar. 4, 2010) ................... 16

*Anariba v. Director Hudson Cnty. Corr. Ctr.,*
  17 F.4th 434 (3d Cir. 2021) ........................................................................................ 15

*Armann v. McKean,*
  549 F.3d 279 (3d Cir. 2008) ........................................................................................ 9

*Banks v. Hollingsworth,*
  No. CRIM.A. 00-230, 2013 WL 2245637 (E.D. Pa. May 22, 2013) .......................... 20

*Braden v. 30th Judicial Cir. Ct.,*
  410 U.S. 484 (1973) ..................................................................................................... 2

*Bryan v. U.S. Citizenship & Immigr. Servs.,*
  506 F. App'x 150 (3d Cir. 2012) .................................................................................. 10

*Campbell v. Office of Personnel Management,*
  694 F.2d 305 (3d Cir. 1982) ........................................................................................ 13

*Castillo v. Att'y Gen. of United States,*
  109 F.4th 127 (3d Cir. 2024) ....................................................................................... 12

*Daley v. Fed. Bureau of Prisons,*
  199 F. App'x 119 (3d Cir. 2006) .................................................................................. 19

*De La Cruz Disla v. Hogsten,*
  155 F. App'x 619 (3d Cir. 2005) .................................................................................. 10

*De Ping Wang v. Dep't of Homeland Sec.*,
   484 F.3d 615 (2d Cir. 2007) ........................................................... 13

*Demanjuk v. Meese*,
   784 F.2d 1114 (D.C. Cir. 1986) ..................................................... 17

*Eddine v. Chertoff*,
   Civ. Act. No. 07-6117 FSH, 2008 WL 630043 (D.N.J. Mar. 5, 2008) ...................... 16

*Ex Parte Endo*,
   323 U.S. 283 (1944) ..................................................................... 3, 4

*Ex Parte Catanzaro*,
   138 F.2d 100 (3d Cir. 1943) ........................................................ 15

*Garrett v. Murphy*,
   17 F.4th 419 (3d Cir. 2021) ......................................................... 19

*Glover v. City of Philadelphia*,
   No. 24-1479, 2024 WL 3272912 (3d Cir. July 2, 2024) ................................. 10

*Griffin v. United States*,
   621 F.3d 1363 (Fed. Cir. 2010) .................................................... 11

*Guzman v. Moshannon Valley Processing Ctr.*,
   Civ. Act. No. 24-1054 (JKS), 2024 WL 1251170 (D.N.J. Mar. 22, 2024) ................ 19

*Harris v. Nelson*,
   394 U.S. 286 (1969) .................................................................... 18

*Hernandez Jaruffe v. Chertoff*,
   No. CIV. 07-2253(WJM), 2007 WL 1521181 (D.N.J. May 22, 2007) ...................... 20

*In re Enter. Rent-A-Car Wage & Hour Emp. Pracs. Litig.*,
   683 F.3d 462 (3d Cir. 2012) ......................................................... 9

*Interfaith Cmty. Org. Inc. v. PPG Indus., Inc.*,
   702 F. Supp. 2d 295 (D.N.J. 2010) ................................................ 11

*Jerez v. Warden of Moshannon Valley Processing Ctr.*,
No. 1:23-CV-00306, 2023 WL 4112151 (M.D. Pa. June 21, 2023) ........................... 19

*Johnson v. Nat'l Collegiate Athletic Ass'n*,
108 F.4th 163 (3d Cir. 2024) ........................................................................... 9

*Johnson v. SmithKline Beecham Corp.*,
724 F.3d 337 (3d Cir. 2013) ............................................................................ 9

*Katz v. Carte Blanche Corp.*,
496 F.2d 747 (3d Cir. 1974) ........................................................................... 10

*Leybinsky v. U.S. Dep't of Homeland Sec.*,
Civ. Act. No. 09-1965 (GEB), 2009 WL 1228586 (D.N.J. May 1, 2009) ................. 16

*Link v. Mercedes-Benz of N. Am., Inc.*,
550 F.2d 860 (3d Cir. 1977) ............................................................................ 9

*Liriano v. United States*,
95 F.3d 119 (2d Cir. 1996) ............................................................................. 12

*Madison Shipping Corp. v. Nat'l Mar. Union*,
282 F.2d 377 (3d Cir. 1960) ............................................................................ 9

*Magee v. Clinton*,
2005 WL 613248 (D.C. Cir. 2005) .................................................................. 14

*Martinez-Nieto v. Att'y Gen. of United States*,
805 F. App'x 131 (3d Cir. 2020) ..................................................................... 11

*Mondelli v. United States*,
711 F.2d 567 (3d Cir. 1983) ............................................................................ 9

*Monteiro v. Att'y Gen. of U.S.*,
261 F. App'x 368 (3d Cir. 2008) ..................................................................... 13

*Moravian Sch. Advisory Bd. of St. Thomas, V.I. v. Rawlins*,
70 F.3d 270 (3d Cir. 1995) ............................................................................ 12

*Repella v. Luzerne Cnty. Child. & Youth Servs.*,
 No. 22-1130, 2022 WL 16729431 (3d Cir. Apr. 22, 2022)........................................... 10

*Rumsfeld v. Padilla*,
 542 U.S. 424 (2004) ........................................................................................ *passim*

*Russell v. Levi*,
 229 F. App'x 110 (3d Cir. 2007)..................................................................... 16

*Santana v. United States*,
 98 F.3d 752 (3d Cir. 1996) ............................................................................. 19

*Schlanger v. Seamans*,
 401 U.S. 487 (1971)..................................................................................18, 19

*Stafford v. Briggs*,
 444 U.S. 527 (1980)........................................................................................ 19

*Troncoso v. New Jersey Div. of Child Prot. & Permanency*,
 No. CV 23-16053 (KMW), 2023 WL 7166951 (D.N.J. Oct. 31, 2023) ................... 10

*Trump v. J. G. G.*,
 --- S. Ct. ---, No. 24A931, 2025 WL 1024097 (U.S. Apr. 7, 2025)...................3, 14, 16

*United States v. Little*,
 392 F.3d 671 (4th Cir. 2004) ......................................................................... 14

*United States v. Means*,
 572 F. App'x 793 (11th Cir. 2014) ................................................................. 14

*United States v. Oakland Cannabis Buyers' Co-op.*,
 532 U.S. 483 (2001)........................................................................................ 12

*Wales v. Whitney*,
 114 U.S. 564 (1885)........................................................................................... 2

## Statutes

28 U.S.C. § 1292(b)................................................................................1, 8, 20

28 U.S.C. § 1391(e) ......................................................................................... 19

28 U.S.C. § 1406(a) ........................................................................................... 5

28 U.S.C. § 1631 ............................................................................................ 1, 6

28 U.S.C. § 2241 ......................................................................................... 3, 4, 5

28 U.S.C. § 2242 ............................................................................................... 2

28 U.S.C. § 2243 ............................................................................................... 2

# **INTRODUCTION**

This petition involves an important and recurring question of habeas jurisdiction: Whether a federal district court can exert habeas jurisdiction over a petition that was never properly filed in that court. The District Court certified this issue for interlocutory appeal, recognizing that it was controlling over this case. It acknowledged that reasonable minds, including this Court, could differ over the answer, and that prompt resolution was warranted. This Court should certify in turn.

On March 9, 2025, Mahmoud Khalil filed a habeas petition with the U.S. District Court for the Southern District of New York while detained in the District of New Jersey. The Southern District of New York subsequently transferred the habeas petition to the District of New Jersey, even though Khalil had, by then, been moved to the Western District of Louisiana and was therefore no longer detained in New Jersey. The U.S. District Court for the District of New Jersey ("the District Court") then denied Respondents' ("the Government") motion to dismiss for lack of habeas jurisdiction or in the alternative to transfer. The District Court determined that a transfer under 28 U.S.C. § 1631 vested it with habeas jurisdiction even though the petition was improperly filed with the Southern District of New York and notwithstanding Khalil's current detention within the Western District of Louisiana. It did not find as preclusive Khalil's failure to name his immediate custodian or to file in his district of confinement. In so doing, the District Court recognized the importance of this threshold question and then certified its order for this Court to consider.

1

This Court should grant the Government's petition and review this interlocutory appeal that poses important issues of habeas jurisdiction.

## CONTROLLING QUESTIONS OF LAW PRESENTED

Whether a district court can properly exercise habeas jurisdiction over a petition that was never properly filed before it.

## BACKGROUND

I.    Legal Background

***Rumsfeld v. Padilla* and its rules.** For "over 100 years," the Supreme Court has held that the proper respondent for a habeas petition challenging present physical confinement is the person who has "immediate custody" of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 424, 434–35 (2004) (citing *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). The Supreme Court explained that "[t]he consistent use [in the habeas statute] of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition." *Id.* at 434 (quoting 28 U.S.C. §§ 2242-43). The proper respondent is "[the] person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge[.]" *Id.* at 435 (emphasis in original) (citing *Wales*, 114 U.S. at 574; *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 494–95 (1973)). Consequently, "the default rule is that the proper respondent is the *warden of the facility where the prisoner is being held*, not the Attorney General or some other remote supervisory official." *Id.* (emphasis added).

*Padilla* also reiterated that 28 U.S.C. § 2241 contains a statutory limiting clause, which requires a district court issuing a habeas writ to have jurisdiction over the custodian of the petitioner. 542 U.S. at 442. For core habeas petitions challenging present physical confinement, this singular custodian is the warden of the facility where the petitioner is confined. *Id.* at 435; *accord Trump v. J. G. G.*, --- S. Ct. ---, No. 24A931, 2025 WL 1024097, at *1 (U.S. Apr. 7, 2025). A facility warden is by definition located at her facility, and thus, "[b]y definition, the immediate custodian and the prisoner reside in the same district." *Padilla*, 542 U.S. at 444. Consequently, as the Supreme Court explained, "[i]n habeas challenges to present physical confinement, . . . *the district of confinement is synonymous with the district court that has territorial jurisdiction over the proper respondent.*" *Id.* (emphasis added). The district-of-confinement rule is a "bright-light rule," which contains no exceptions except those carved out in §§ 2241(d) and 2255, which are not applicable to this current action. *Id.* at 449–50.

**<u>Ex Parte Endo</u>**. The Supreme Court has recognized that once a district court properly acquires habeas jurisdiction, it does not lose upon the subsequent transfer of the petitioner. *See Ex Parte Endo*, 323 U.S. 283, 306 (1944). There, a Japanese-American citizen filed a habeas petition in the Northern District of California, naming the proper respondent, her immediate custodian. *Padilla*, 542 U.S. at 440. After the filing, the petitioner was moved to Utah, meaning her immediate custodian was no longer within the district court's jurisdiction. *Id.* The Court there held that "the Northern District '*acquired* jurisdiction in this case and that Endo's removal . . . did not cause it to lose

3

jurisdiction where a person in whose custody she is remains within the district.'" *Padilla*, 542 U.S. at 440 (quoting *Endo*, 323 U.S. at 306)).

Therefore, *Endo* stands for an "important but *limited* proposition[:] when the Government moves a habeas petitioner after she *properly* files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Padilla*, 542 U.S. at 441 (emphases added).

II.    Procedural Background

On March 9, 2025, Khalil's attorney filed the instant habeas petition under 28 U.S.C. § 2241, while Khalil was physically present and detained in New Jersey. Add.114; *see also* Add.122. By her account, Khalil's attorney filed the instant habeas petition in the Southern District of New York, because (i) Department of Homeland Security ("DHS") agents had previously told Khalil's wife that he was being sent to 26 Federal Plaza (as he was), and (ii) the public Immigration and Customs Enforcement ("ICE") "Online Detainee Locator System" had not yet been updated at that hour to show he had been transferred to New Jersey. Add.131. Khalil's operative petition challenges his current immigration detention as unlawful, and he seeks an order from the District Court requiring ICE to release him immediately. Add.133-165. Khalil seeks other relief in addition to release from custody. Add.163.

After Khalil had filed his habeas petition, the parties briefed whether venue in the Southern District of New York was proper. *See* Dist. Ct. Dkt. Nos. 30, 50, 71. On

March 19, 2025, the Southern District of New York transferred the action to the District of New Jersey. *See* Add.080-112. The Southern District of New York found that it lacked jurisdiction over Khalil's habeas petition because he was in New Jersey at the time that the petition was filed. Add.094. The Southern District of New York applied the immediate-custodian rule to this habeas petition, concluding that the "core" and any potential "non-core" claims should be heard by a court that "has the authority to consider Khalil's entire Petition." Add.096. The Southern District of New York declined to find that Khalil's allegations "plausibl[y] infer[red] that the Government's 'purpose' in moving him to New Jersey" constituted some sort of gamesmanship. Add.097. Indeed, the court referenced instances in which detainees were processed through 26 Federal Plaza and then transferred to New Jersey. *See* Add.098. Recounting the events that transpired when detaining Khalil, the Southern District of New York stated that there would be various reasons for moving Khalil to New Jersey and found that the instant petition was not properly before it. *See* Add.099.

The Southern District of New York declined to transfer the action to the Western District of Louisiana, however, and instead sent it to the District of New Jersey. *See* Add.104. Doing so, it noted that the district-of-confinement and immediate-custodian rules were not matters of subject-matter jurisdiction. *Id.* The Southern District of New York looked to 28 U.S.C. § 1406(a) and held that New Jersey was the appropriate jurisdiction because Khalil could have brought his action there at the time of filing. *See* Add.107. The court did not apply *Padilla* in this context, concluding that

5

the statute permitted transfer to a court that could have heard the case at the time it was filed. *See* Add.108–09. The Southern District of New York rejected the Government's arguments that the transfer statutes did not independently vest jurisdiction where it did not exist to begin with because the Supreme Court previously held that such a transfer would not affect a district court's habeas jurisdiction. *See* Add.109. Finally, the Southern District of New York weighed the relevant facts and determined that it would be in the interest of justice for the District of New Jersey to hear the habeas action. *See* Add.109–10.

Upon transfer to the District of New Jersey, the parties again briefed the court's habeas jurisdiction. After argument, the District Court denied the Government's motion to dismiss or in the alternative, transfer.

III.   <u>The District Court for the District of New Jersey's Motion to Dismiss and Certification Decisions</u>

On April 1, 2025, the District Court determined that it retained habeas jurisdiction over the action. *See* App.004-070. In doing so, the District Court relied on 28 U.S.C. § 1631, which permits a transferor court to transfer a case for want of jurisdiction to a transferee court in which the case could have been brought at the time of filing. Add.028–31. Because the statute requires the action to proceed in the transferee court as though filed there originally, the District Court read the statutory

text to mean that habeas jurisdiction vested at the time the habeas petition was filed.[1] Add.028–31. The District Court ruled that § 1631 applied to habeas actions such as this one, Add.031–32, and § 1631's use of "jurisdiction" included personal jurisdiction while acknowledging the Third Circuit has not yet directly addressed the issue. Add.032–36. The District Court relied on Third Circuit precedent and determined that § 1631 permits backdating the filing, and habeas jurisdiction flows from that date. Add.036–38.

The District Court overlooked basic habeas jurisdictional principles such as Khalil's current detention in Louisiana and the fact that he failed to name the wardens of either Louisiana or New Jersey as respondents in his petition. Add.038–39. The District Court relied on *Endo* and observed that the Supreme Court's holding meant that a district court in which the habeas action was initially filed retains jurisdiction throughout the litigation, even after a petitioner is transferred. Add.040–45. The District Court was unconvinced that Khalil's failure to name his immediate custodian defeated habeas jurisdiction. Add.045–53. Under the *Endo* rule, the District Court determined that it would have jurisdiction over the Louisiana Warden because it could order the Secretary of Homeland Security, who is within the court's territorial jurisdiction, to release Khalil. Add.048–49.

---

[1] The District Court rejected Khalil's "law-of-the-case" doctrine argument. Add.011–27. The Government does not object to this holding.

The District Court applied the "unknown custodian" exception to Khalil's failure to name the New Jersey warden. Add.050. The District Court explained that the exception allows for the relaxation of immediate custodian rule when the identity of said individual is not known at the time of filing. Add.054. The District Court noted that the Supreme Court had previously recognized that the "unknown custodian" rule serves as an exception to the immediate-custodian rule. Add.053–55. The District Court then determined that it allows for the district-of-confinement rule to be relaxed. Add.059–65. Recognizing that Khalil's immediate custodian and district of confinement are now known, the District Court found on balance that the "unknown custodian" exception applied to this case. Add.067–68.

In denying the Government's motion, the District Court recognized that an interlocutory appeal could be warranted in this circumstance. Add.070. After the Government declined to waive further challenges to habeas jurisdiction and venue, the court requested the parties' views on whether an interlocutory appeal would be appropriate. Add.073; Add.074–79. After reviewing the submissions, the District Court certified its April 1 order, holding that the standard under 28 U.S.C. § 1292(b) was met. Add.001–003.

## <u>REASONS THAT THE PETITION SHOULD BE GRANTED</u>

In deciding whether to pursue this permissive appeal, this Court considers whether the district court's order "involves a controlling question of law as to which there is substantial ground for difference of opinion," from which an immediate appeal

"may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *accord Link v. Mercedes-Benz of N. Am., Inc.*, 550 F.2d 860, 862 (3d Cir. 1977). This Court's review of the certified question is *de novo*. *In re Enter. Rent-A-Car Wage & Hour Emp. Pracs. Litig.*, 683 F.3d 462, 467 (3d Cir. 2012); *see also Johnson v. Nat'l Collegiate Athletic Ass'n*, 108 F.4th 163, 175 n.57 (3d Cir. 2024).

I.   The Decision Involves a Controlling Question of Law, the Immediate Appeal of which may Materially Advance the Ultimate Termination of this Litigation.

The resolution of the Government's renewed motion to dismiss raises the issue of habeas jurisdiction. The District Court correctly recognized the controlling nature of the question presented. Add.001–002.

This Court has previously granted permission for interlocutory appeal regarding jurisdictional issues. *See, e.g., Mondelli v. United States*, 711 F.2d 567, 567-68 (3d Cir. 1983) (permitting appeal on issue of subject-matter jurisdiction); *Madison Shipping Corp. v. Nat'l Mar. Union*, 282 F.2d 377, 379 (3d Cir. 1960) (granting permissive appeal to review jurisdictional question); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 344-45 (3d Cir. 2013) (permitting appeal to consider diversity jurisdiction). Although Khalil is likely to object over the potential delay that this interlocutory appeal would cause, Add.077–79, this Court has previously granted permissive appeal in a habeas action.[2] *See Armann v. McKean*, 549 F.3d 279, 285 (3d Cir. 2008).

---

[2] The District Court recognized that neither party sought to stay the proceedings and that it would not expect to do so here. Add.002–003.

Should this Court determine that habeas jurisdiction is lacking, then the District Court would have to dismiss the action.[3] *See, e.g., De La Cruz Disla v. Hogsten*, 155 F. App'x 619, 619–20 (3d Cir. 2005); *Repella v. Luzerne Cnty. Child. & Youth Servs.*, No. 22-1130, 2022 WL 16729431, at *1 (3d Cir. Apr. 22, 2022) ("Jurists of reason would not debate the District Court's decision to dismiss Appellant's filing for lack of habeas jurisdiction."); *Glover v. City of Philadelphia*, No. 24-1479, 2024 WL 3272912, at *1 (3d Cir. July 2, 2024) (affirming dismissal for lack of habeas jurisdiction because the petitioner was not in custody).

Therefore, "a dismissal for want of jurisdiction is within § 1292(b)." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)

II.    There is Substantial Ground for Difference of Opinion on whether the District Court has Habeas Jurisdiction.

Although the District Court held that it had habeas jurisdiction over this case, there are (at minimum) substantial grounds to doubt that decision. The District Court had to agree that Khalil never filed a proper petition in that court when he was held there, nor did he name his immediate custodian. That should have been fatal under the "bright line" rules laid by the Supreme Court. The District Court offered a number of bases for trying to sidestep those rules. None work. And at the very least, each presents

---

[3] The dismissal would be without prejudice. *See, e.g., Bryan v. U.S. Citizenship & Immigr. Servs.*, 506 F. App'x 150, 151 (3d Cir. 2012); *Troncoso v. New Jersey Div. of Child Prot. & Permanency*, No. CV 23-16053 (KMW), 2023 WL 7166951, at *2 (D.N.J. Oct. 31, 2023). Khalil would be free to refile in Louisiana.

a "genuine" dispute worth of this Court's immediate consideration. *Interfaith Cmty. Org. Inc. v. PPG Indus., Inc.*, 702 F. Supp. 2d 295, 319 (D.N.J. 2010).

    a.  *Section 1631 Does Not Grant District Courts Remedial Authority They Otherwise Lack.*

Under a straightforward application of *Padilla*, the District Court lacks habeas jurisdiction because no petition was properly filed in New Jersey against Khalil's immediate custodian during the time Petitioner was in New Jersey. The District Court relied on § 1631 to cure that deficiency. Respectfully, that does not work.

Section 1631 provides that a court may transfer a case to another court "in which the action or appeal could have been brought at the time it was filed or noticed," and that case "shall proceed as if it had been filed in [that court] to which it is transferred on the date upon which it was actually filed." The District Court read this provision to essentially allow it to proceed on a fiction: To treat this petition as properly filed in that court when Khalil was (briefly) being held within the District of New Jersey. That is an impermissible reading of the provision.

Section 1631 allows transferee courts to exercise their *existing authority* over a case notwithstanding "technical obstacles" that would otherwise prevent it from hearing the case. *Griffin v. United States*, 621 F.3d 1363, 1365 (Fed. Cir. 2010). For instance, § 1631 can be used to transfer a case to a proper court, and for that transferee court to excuse what would otherwise be a violation of a statute of limitations (in the event the case needed to be refiled). *Id.*; *see also Martinez-Nieto v. Att'y Gen. of United States*, 805 F. App'x 131, 135 (3d Cir. 2020) (excusing time bar where messenger filed case in wrong court);

*Liriano v. United States,* 95 F.3d 119, 122 (2d Cir. 1996) (similar). The upshot is that §

1631 was drafted "to rescue cases mistakenly filed in the wrong court, and to allow

transfer to reach a just result." *Castillo v. Att'y Gen. of United States*, 109 F.4th 127, 135

(3d Cir. 2024) (quotations omitted). It guards against the "unnecessary risk that a litigant

may find himself without a remedy because of a lawyer's error or a technicality of

procedures." *Moravian Sch. Advisory Bd. of St. Thomas, V.I. v. Rawlins*, 70 F.3d 270, 278

n.3 (3d Cir. 1995) (Becker, J., concurring in part and dissenting in part) (quoting S. Rep.

No. 275, 97th Cong., 1st Sess. 11 (1981))

   This case is different in kind. In the cases above, the transferee court's *existing*

authority gives it jurisdiction over the case; § 1631 simply allows that court to exercise

that authority, by excusing some technical obstacle standing in the way (like missing a

filing deadline, or the statute of limitations). Here, however, the District Court used §

1631 to not correct some threshold technical or procedural defect, but instead to *acquire*

*substantive authority* that the court would otherwise lack. That contradicts the habeas

statute. Section 2241, as detailed above, is a specific federal statute, that authorizes the

federal courts to issue a specific sort of remedy (habeas), if and only if certain

preconditions are satisfied. *See Padilla*, 542 U.S. at 434-35. Nothing in § 1631 allows a

district court to cast aside those statutory requirements, based on the fiction that the

suit was properly before it. Put otherwise, the general transfer statutes (including § 1631)

cannot be used to override the specific statutory perquisites for any particular remedy.

*See United States v. Oakland Cannabis Buyers' Co-op.*, 532 U.S. 483, 497 (2001) (recognizing

that courts cannot use equitable powers and ignore Congress's policy choice articulated in a statute); *Cf. Padilla*, 542 U.S. at 452 (Kennedy, J., concurring) (recognizing that although "the immediate-custodian and territorial-jurisdiction rules are *like* personal-jurisdiction or venue rules," that did not "mean that habeas petitions are governed by venue rules and venue considerations that apply to other sorts of civil lawsuits.").

Section 1631 does not permit the receiving court to ignore substantive defects in the filing being transferred. In *Campbell v. Office of Personnel Management*, this Court did not ignore substantive limits on jurisdiction when it held that § 1631 did not permit a transfer to the Court of Appeals for the Federal Circuit as if the appeal had been filed there on April 7, 1982, because the Federal Circuit did not yet exist on that date. 694 F.2d 305, 309 n.6 (3d Cir. 1982). In a case more analogous to the one at hand, this Court concluded that the district court "lacked authority" under § 1631 to transfer a petition for review when doing so would have required this Court to improperly exercise jurisdiction. *See Monteiro v. Att'y Gen. of U.S.*, 261 F. App'x 368, 369 (3d Cir. 2008); *see also De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 617–18 (2d Cir. 2007) ("Because we would have lacked jurisdiction over Wang's petition for review had it been filed in this Court 'at the time it was filed or noticed' in the District Court, transfer under § 1631 was not permitted.").

In short, § 1631 cannot be used to vest the transferee court with a substantive power it would otherwise lack; it can only be used to excuse technical barriers that stand in the way of the transferee court wielding its *existing* authority. That is why, in cases like

13

this one, the federal courts traditionally *dismiss* a case without prejudice, rather than attempt to shoehorn it into a transfer statute. *See, e.g.*, *Padilla*, 542 U.S. at 451; *see also, e.g.*, *United States v. Means*, 572 F. App'x 793, 794 (11th Cir. 2014); *Magee v. Clinton*, 2005 WL 613248, at *1 (D.C. Cir. 2005); *United States v. Little*, 392 F.3d 671, 680 (4th Cir. 2004). And it is why that is the proper course here. When it was filed, Khalil's petition failed to meet the place of confinement and immediate custodian rules. When it was transferred from the Southern District of New York to the District of New Jersey, the petition still suffered those defects.

At the time of the transfer to New Jersey, the only forum with habeas jurisdiction was in Louisiana, not New Jersey. And that remains the only forum now. *See J. G. G.*, 2025 WL 1024097, at *1.

b. *Habeas Petitions Must be Filed in the District of Confinement and Name the Proper Respondent.*

Rejecting the District Court's reading of § 1631 would resolve this case. But even putting that to the side, the opinion also rested on a number of other defects, which warrant this Court's review. Namely, after holding that this case should be completely treated as if filed in New Jersey originally, the District Court held that Khalil's failure to name his immediate custodian as a respondent was not fatal to his petition. That too was wrong. The District Court relied on two exceptions to the immediate custodian rule but misunderstood the scope of both.

14

*__Endo.__* As the District Court recognized, Khalil is no longer in New Jersey. And he was in the Western District of Louisiana when this case was transferred to the District Court. Ordinarily, as even the District Court recognized, that would mean that any habeas petition needed to be filed in Louisiana. Add.010. But the District Court excused this otherwise fatal defect, based on the Supreme Court's decision in *Endo.* The District Court read *Endo* for the proposition that if a court originally had jurisdiction over a case, then the subsequent transfer of the petitioner did not divest that court of habeas jurisdiction. Add.039–40. That is correct so far as it goes, but also materially incomplete.

Critically, what the District Court missed—and what the Supreme Court has expressly held—is that *Endo* is a "limited" exception that only applies when a petitioner "properly files" a habeas petition in the original court. *Padilla*, 542 U.S. at 441. But that did not happen here: Khalil never filed a proper habeas petition in the District of New Jersey when he was being detained there.

That is dispositive, under not only *Padilla*, but this Court's precedents. As this Court has recognized, *Endo*'s exception is about when a court can *retain* jurisdiction—*i.e.*, when it can hold onto a case after jurisdiction *originally vested*. It applies only when a district court "already had acquired jurisdiction over [the petitioner's] *properly* filed habeas petition that named his *then-immediate custodian*[.]" *Anariba v. Director Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 446 (3d Cir. 2021) (emphases added); *see also, e.g.*, *Ex Parte Catanzaro*, 138 F.2d 100, 101 (3d Cir. 1943) ("It is a general rule of law that where one

15

has become subject to the jurisdiction of a court, the jurisdiction continues in all proceedings arising out of the litigation such as appeals and writs of error."). It does not apply where, as here, a court never acquired jurisdiction in the first place. After all, when jurisdiction never originally vested, there is no jurisdiction to retain.

Absent this narrow exception, however, the default rule is controlling. Indeed, in *Padilla*, the Court could not find "a single case in which [it] deviated from the longstanding rule" and "allowed a habeas petitioner challenging his present physical custody within the United States to name as respondent someone other than the immediate custodian and to file somewhere other than the district of confinement." 542 U.S. at 449-50; *see also, e.g., J. G. G.*, 2025 WL 1024097, at *1. Nor is any departure apparent in this Court's precedents. *See, e.g., Russell v. Levi*, 229 F. App'x 110, 111 (3d Cir. 2007) (affirming dismissal of petition because petitioner was confined in different district and noting "possible departure from the ordinary rule in circumstances different from those in this case, namely a prisoner transfer after proper filing") (citing *Padilla*, 542 U.S. at 440–41).

This approach makes very good sense, because the immediate custodian rule is grounded in personal jurisdiction. And in order for a district court to grant habeas relief, it "must be able to exercise personal jurisdiction over the custodian of the petitioner." *Eddine v. Chertoff*, Civ. Act. No. 07-6117 FSH, 2008 WL 630043, at *2 (D.N.J. Mar. 5, 2008); *see also, e.g., Allen v. Chertoff*, Civ. Act. No. 10-1003 (FLW), 2010 WL 743916, at *2 (D.N.J. Mar. 4, 2010) (same); *Leybinsky v. U.S. Dep't of Homeland Sec.*, Civ. Act. No.

16

09-1965 (GEB), 2009 WL 1228586, at *2 (D.N.J. May 1, 2009) (same); *Ali v. Sec'y, Dep't of Homeland Sec.*, Civ. Act. No. 11-2072, 2012 WL 15750, at *2 (D.N.J. Jan. 4, 2012) (same).

In short, *Endo* does not apply and cannot save this petition. The District Court erred in holding otherwise, contrary to *Padilla* and this Court's precedents.

**Unknown Custodian.** The District Court also excused Khalil's failure to name a proper respondent on the basis of the "unknown custodian exception." Add.065. But this too is wrong: That exception applies where the custodian is *unknowable* (*i.e.*, where one's detention is a prolonged secret); not where counsel is unable to track down the proper custodian for a brief period of time.

The unknown-custodian exception is one of judicial making. The exception effectively allows a district court to relax the immediate-custodian rule (as well as the district-of-confinement rule) if the identity of the custodian is something that the Government will not reveal, and that the petitioner's counsel cannot feasibly obtain. *See Demanjuk v. Meese*, 784 F.2d 1114, 1116 (D.C. Cir. 1986) (allowing the Attorney General to be the named immediate custodian when it would, in part, "would be inappropriate to order the whereabouts of the petitioner made public"). The *Padilla* Court specifically noted *Demjanjuk* and the "unknown custodian" exception to apply when "a prisoner is held in an undisclosed location by an unknown custodian" because "it is impossible to apply the immediate custodian and district of confinement rules." 542 U.S. at 450 n.18.

Absent that, failure to name the proper respondent subject to a district court's jurisdiction is "fatal". *Schlanger v. Seamans*, 401 U.S. 487, 489–91 (1971)

Whatever the precise bounds of this exception are meant to be, it does not apply where—as here—a petitioner's attorney is told by the Government within hours exactly where he is being held, and therefore knew where any habeas petition should be filed. Add.098. Moreover, the custodian was knowable because Khalil's notice to appear lists Jena, Louisiana of where he would be detained. The "unknown custodian" exception cannot be read to not snap into effect the minute counsel wishes to file, and is unable to track down the petitioner's exact whereabouts on moment's notice. The exception accounts for a specific, far different, situation that is clearly not present here.

c.   *Habeas Proceedings are not "Civil Actions."*

The District Court relied on § 1631 because it concluded that a habeas proceeding is a "civil action." Add.031. Labeling habeas proceedings as "civil actions" may be convenient for general purposes, but "the label is gross and inexact," because habeas actions are "unique." *Harris v. Nelson*, 394 U.S. 286, 293-94 (1969). The issues presented in habeas proceedings "are materially different from those dealt with in the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure," which is why rules promulgated for civil cases to be applied wholesale to habeas petitions "because their specific provisions are ill-suited to the special problems and character of such proceedings." *Id.* at 296, 300 n.7.

The District Court wrongly categorized this habeas proceeding as a "civil action" for the purposes of applying § 1631. *See Santana v. United States*, 98 F.3d 752, 754-55 (3d Cir. 1996) (noting that habeas proceedings are "hybrid" in nature and "are often determined to be outside the reach of the phrase 'civil action.'"); *Garrett v. Murphy*, 17 F.4th 419, 431 (3d Cir. 2021). The District Court's "civil action" label makes less sense when this Court has declined to extend the "civil actions" definition to habeas petitions for purposes of the Prison Litigation Reform Act and the Equal Access to Justice Act ("EAJA"). *Santana*, 98 F.3d at 754–55; *Daley v. Fed. Bureau of Prisons*, 199 F. App'x 119, 121 (3d Cir. 2006).[4] The Supreme Court has similarly declined to find habeas petitions to be civil actions for the purposes of 28 U.S.C. § 1391(e), which "provided for nationwide service of process in a 'civil action in which each defendant is an officer or employee of the United States.'" *Schlanger*, 401 U.S. at 490 n.4. The District Court's reading of § 1631 is an "overbroad interpretation" that the Supreme Court has previously rejected under different circumstances. *Stafford v. Briggs*, 444 U.S. 527, 542-43 (1980).

Even if § 1631 can apply to habeas petitions, the District Court should have still accounted for the immediate-custodian and district-of-confinement rules. *See, e.g., Guzman v. Moshannon Valley Processing Ctr.*, Civ. Act. No. 24-1054 (JKS), 2024 WL

---

[4] The United States is seeking review on whether immigration-detention habeas actions constitute "civil actions" for the purposes of EAJA. *See Michelin v. Warden Moshannon Valley Corr. Ctr.*, No. 24-2990 (3d Cir.); *Abioye v. Warden Moshannon Valley Corr. Ctr.*, No. 24-3198 (3d Cir.).

1251170, at *1 (D.N.J. Mar. 22, 2024); *Jerez v. Warden of Moshannon Valley Processing Ctr.*, No. 1:23-CV-00306, 2023 WL 4112151, at *2 (M.D. Pa. June 21, 2023); *Banks v. Hollingsworth*, No. CRIM.A. 00-230, 2013 WL 2245637, at *1 (E.D. Pa. May 22, 2013); *Hernandez Jaruffe v. Chertoff*, No. CIV. 07-2253(WJM), 2007 WL 1521181, at *2 (D.N.J. May 22, 2007).

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should grant the Government's petition for permission to appeal an interlocutory order under 28 U.S.C. § 1292(b). To avoid delay, the Government stands ready to proceed with such expedition as the Court deems appropriate.

\*     \*     \*

Dated: April 14, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
Office of Immigration Litigation

ERNESTO H. MOLINA
Deputy Director

SARAH S. WILSON
Assistant Director

ALANNA T. DUONG
Senior Litigation Counsel

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Senior Litigation Counsel
Office of Immigration Litigation
General Litigation and Appeals Section
PO Box 878, Ben Franklin Station
Washington, D.C. 20044
dhruman.y.sampat@usdoj.gov

RACHEL BROWNING
JOSHUA C. McCROSKEY
Trial Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2025, I electronically filed the foregoing document with the Clerk of the United States Court of Appeals for the Third Circuit by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

_s/ Dhruman Y. Sampat_
DHRUMAN Y. SAMPAT
Senior Litigation Counsel

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 5(c) because it contains 5,193 words. This brief complies with the typeface and the type style requirements of Federal Rule of Appellate Procedure 32 because this brief has been prepared in a proportionally spaced typeface using Word 14-point Garamond typeface.

<u>*s/ Dhruman Y. Sampat*</u>
DHRUMAN Y. SAMPAT
Senior Litigation Counsel