No. 25-8019

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

MAHMOUD KHALIL,

Petitioner-Appellee,

v.

PRESIDENT UNITED STATES OF AMERICA; DIRECTOR NEW YORK
FIELD OFFICE IMMIGRATION AND CUSTOMS ENFORCEMENT;
WARDEN ELIZABETH CONTRACT DETENTION FACILITY; DIRECTOR
UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT;
SECRETARY UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
SECRETARY UNITED STATES DEPARTMENT OF STATE; ATTORNEY
GENERAL UNITED STATES OF AMERICA,

Respondents-Appellants.

On Appeal from the United States District Court
for the District of New Jersey, No. 25-1963 (MEF) (MAH)

# REPLY IN FURTHER SUPPORT OF PETITION REQUESTING
## PERMISSION TO APPEAL AN INTERLOCUTORY ORDER

YAAKOV M. ROTH
Acting Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General

ERNESTO H. MOLINA
Deputy Director

SARAH S. WILSON
Assistant Director
ALANNA T. DUONG
DHRUMAN Y. SAMPAT
Senior Litigation Counsel

RACHEL BROWNING
JOSHUA C. McCROSKEY
Trial Attorneys

# TABLE OF CONTENTS

INTRODUCTION.............................................................................................1

REASONS THE PETITION SHOULD BE GRANTED..........................................1

CONCLUSION.............................................................................................10

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Christian v. Hawk,*
  923 F.2d 200 ....................................................................................... 4

*Cruz-Aguilera v. I.N.S.,*
  245 F.3d 1070 (9th Cir. 2001) ............................................................ 5

*Demjanjuk v. Meese,*
  784 F.2d 1114 (D.C. Cir. 1986) ......................................................... 7

*Dragenice v. Ridge,*
  389 F.3d 92 (4th Cir. 2004) ................................................................ 4

*Foy v. Super-Rich Members of Illuminati,*
  622 F. App'x 102 (3d Cir. 2015) ........................................................ 4

*Franco v. Mabe Trucking Company, Incorporated,*
  3 F.4th 788 (5th Cir. 2021) ................................................................ 2

*Griffin v. United States,*
  621 F.3d 1363 (Fed. Cir. 2010) ......................................................... 2

*Harris v. Nelson,*
  394 U.S. 286 (1969) ........................................................................... 5

*Harvey v. Maiorana,*
  618 F. App'x 82 (3d Cir. 2013) .......................................................... 5

*Liriano v. United States,*
  95 F.3d 119 (2d Cir. 1996) ................................................................ 5

*Partee v. Att'y Gen., Georgia,*
  451 F. App'x 856 (11th Cir. 2012) ..................................................... 6

*Phillips v. Seiter,*
  173 F.3d 609 (7th Cir. 1999) ............................................................. 5

*Pittman v. Pullen,*
    No. 3:22-cv-01651, 2023 WL 6379371 (D. Conn. Sept. 29, 2023) .............................. 1

*Robinson v. Johnson,*
    313 F.3d 128 (3d Cir. 2002) .............................................................................. 5

*Roman v. Ashcroft,*
    340 F.3d 314 (6th Cir. 2003) ............................................................................. 4

*Rumsfeld v. Padilla,*
    542 U.S. 426 (2004) ............................................................................. 3, 6, 7, 8

*Santana v. United States,*
    98 F.3d (3d Cir. 1996) .......................................................................................... 4

*Schell v. Vaughn,*
    549 F. App'x 788 (10th Cir. 2013) ....................................................................... 6

*Schlanger v. Seamans,*
    401 U.S. 487 (1971) ............................................................................................. 5

*Storey v. Lumpkin,*
    8 F.4th 382 (5th Cir. 2021) ................................................................................. 5

*Trump v. J. G. G.,*
    145 S. Ct. 1003 (2025) ....................................................................................... 6

*United States v. Vidal,*
    647 F. App'x 59 (3d Cir. 2016) ........................................................................... 4

## Statutes

28 U.S.C. § 1292(b) .............................................................................................. 1, 10

28 U.S.C. § 1631 ......................................................................................................... 2

28 U.S.C. § 2244(b)(3)(A) ......................................................................................... 5

**INTRODUCTION**

Far from "baseless," Opp. 28, the District Court agreed that this petition presents important questions of habeas jurisdiction over which reasonable minds can differ. And the District Court agreed that these questions should be resolved now, in the interest of this case and those like it. This Court should take up the invitation. While Petitioner marshals much rhetoric against this Court's review, he does not—and cannot—explain why this is not a textbook candidate for interlocutory appeal. This Court should grant the petition.[1]

**REASONS THE PETITION SHOULD BE GRANTED**

Khalil concedes this appeal would involve a controlling question of law. Opp. 20. His arguments regarding the other two requirements of 28 U.S.C. § 1292(b) are meritless.

1.      As the District Court itself readily concluded, there is a substantial ground for difference of opinion on whether the court below has habeas jurisdiction over this action. Add.2. Indeed, district courts *have* disagreed over this question—showing *a fortiori* it is one over which there is substantial ground for debate. *See, e.g.*, *Pittman v. Pullen*, No. 3:22-cv-01651, 2023 WL 6379371, at *3 (D. Conn. Sept. 29, 2023) (collecting cases).

---

[1] The page numbers refer to the pagination created by the Court's CM/ECF system.

**a.** Khalil primarily relies on 28 U.S.C. § 1631 to justify the District Court's habeas jurisdiction. But Khalil fundamentally misunderstands that statute—and at minimum, fails to show that there is not substantial ground for disagreeing on its scope.

Section 1631 works to cure technical or procedural defects that would otherwise prevent a court from exercising its existing authority over a case (*e.g.*, a statute of limitations). *See Griffin v. United States*, 621 F.3d 1363, 1365 (Fed. Cir. 2010); *see also, e.g.*, *Franco v. Mabe Trucking Company, Incorporated*, 3 F.4th 788, 794 (5th Cir. 2021). But it does not, and cannot, vest that court with authority it otherwise lacks—be it over the case itself, or its litigants. Pet. 13-14.

Consider a hypothetical. Suppose a person sued a company in State A, on the theory it was headquartered in that state, and subject to general personal jurisdiction in that state. But in truth, at the time of filing, the company was really headquartered in State B. If the company moved its headquarters to State C before the case was transferred to State B, nobody would think that a federal district court in State B could exercise general personal jurisdiction over the company via § 1631. So much so here. Section 1631 does not allow a district court to acquire substantive authority over a case or its litigants, based on the fiction that the case was filed before, at a time when it could have properly acted: If the district court lacks the power to issue a given remedy (like habeas) or command a given person (like a custodian outside its jurisdiction), then it cannot rely on the general transfer statute to acquire that otherwise absent ability.

Khalil barely engages with any of this. *See* Opp. 23-24. He just denies the premise that the District Court used § 1631 to acquire any "substantive authority" in the first place. *Id.* at 23. But that is untenable. Khalil has never filed a habeas petition in the District of New Jersey when he was confined there; and the District of New Jersey does not have personal jurisdiction over Khalil's immediate custodian. The *sole basis* for the District Court exercising jurisdiction over this case was the *legal fiction* that Khalil's improperly filed habeas petition in New York should be treated as being filed in New Jersey. *See* Add.69. And the *sole basis* for that maneuver was the District Court's mistaken understanding of what § 1631 empowers courts to do.

Relatedly, Khalil also misunderstands *Rumsfeld v. Padilla. See* Opp. 23-24. Khalil insists that the habeas statute does not contain any specific statutory prerequisites. *Id* at 23. But that is the opposite of what *Padilla* held. *Padilla* was a statutory interpretation case about what it meant to be "within" the "jurisdiction" of a federal habeas court. 542 U.S. 426, 435-38, 442-47 (2004). To be sure, the Supreme Court read that statute in light of the history that came before it. But the point remains: To issue habeas relief, a district court must satisfy § 2241's terms; and where a district court cannot do so— either because it is not the district of confinement, or does not have personal jurisdiction over the immediate custodian—nothing in § 1631 gives it the authority to issue relief anyway. That is dispositive. Khalil never filed a proper habeas petition in the District of New Jersey; the District of New Jersey is not his district of confinement; and the District of New Jersey does not have personal jurisdiction over Khalil's

immediate custodian. The District Court cannot use a general transfer statute to nonetheless exercise jurisdiction over this case, because Khalil happened to be in New Jersey for a brief period, when Khalil happened to improperly file a habeas petition in New York.

To be sure, many courts have used § 1631 in the habeas context. But they have done so when the district where the suit "could have been brought" is *still* where the petitioner is being held—*i.e.*, his district of confinement. *See United States v. Vidal*, 647 F. App'x 59, 60 (3d Cir. 2016); *Foy v. Super-Rich Members of Illuminati*, 622 F. App'x 102, 103 (3d Cir. 2015). That is the fact-pattern from cases Khalil cites, Opp. 22 n.9. *See Dragenice v. Ridge*, 389 F.3d 92, 98 (4th Cir. 2004) (rejecting § 1631 transfer to the court of appeals because the district court properly had habeas jurisdiction, which had been filed in the district of confinement); *Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003) (applying district of confinement rule to § 1631 analysis); *Christian v. Hawk*, 923 F.2d 200 (D.C. Cir.) (directing transfer to where petitioner was incarcerated at the time of filing). None offer direct support for a case like this one.

More fundamental, Khalil's reliance on § 1631 is especially misplaced, because habeas proceedings are not "civil actions" under that statute. Pet. 25-27. Khalil is wrong that the Government waived this theory. Opp. 22. The Government has consistently argued that the "transfer statutes do not independently vest courts with jurisdiction they would otherwise lack." *See, e.g.*, Dist. Ct. Dkt. Nos. 71 at 17-18; 90 at 14-15; 130 at 9. This argument gains support from this Court's description of habeas proceedings as

"hybrid" in nature, *Santana v. United States*, 98 F.3d 72, 754-55 (3d Cir. 1996), and the Supreme Court's acknowledgment that, "[t]hough habeas corpus is technically 'civil,' it is not automatically subject to all the rules governing *ordinary civil actions*," *Schlanger v. Seamans*, 401 U.S. 487, 490 n.4 (1971) (emphasis added) (citing *Harris v. Nelson*, 394 U.S. 286 (1969)). Regardless of how the Court characterizes the habeas petition, the Government's central position has always been that the application of § 1631 in this specific context should not supplant the immediate-custodian and district-of-confinement rules required to vest a district court with original jurisdiction over a habeas petition.

This Court has not held otherwise. *Contra* Opp. 22. This Court's decision in *Robinson v. Johnson*, 313 F.3d 128 (3d Cir. 2002) did not involve the issue of whether habeas proceedings were "civil actions." Rather the Court looked to independent authority permitting transfer of habeas petitions when applying § 1631. *See Robinson*, 313 F.3d at 139 (looking at 28 U.S.C. § 2244(b)(3)(A)). This Court's decision in *Harvey v. Maiorana*, 618 F. App'x 82 (3d Cir. 2013) is no different. Add.31. Khalil's string cite of cases, Opp. 22 n.9, are similarly situated and therefore inapposite to his arguments that habeas petitions are "civil actions" for the purposes of § 1631. *See, e.g.*, *Liriano v. United States*, 95 F.3d 119, 121 (2d Cir. 1996) (looking to § 2244(b)(3) for transfer); *Storey v. Lumpkin*, 8 F.4th 382, 390 (5th Cir. 2021) (same); *Phillips v. Seiter*, 173 F.3d 609, 610, 611 (7th Cir. 1999) (mentioning the Antiterrorism and Effective Death Penalty Act of 1996 when the court discussed whether there was power to review

the merits); *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074-75 (9th Cir. 2001) (finding that the court did not have authority convert the habeas petition to a petition for review but transferring to district court under § 1631 because it had authority to review removal order); *Schell v. Vaughn*, 549 F. App'x 788, 790 (10th Cir. 2013) (looking at § 2244(b)(3)(A)); *Partee v. Att'y Gen., Georgia*, 451 F. App'x 856, 858 (11th Cir. 2012) (referring to § 2255, which requires motion to be filed with court that imposed the sentence). Therefore, these cases do not present squarely on whether habeas petitions are "civil actions."

**b.** Absent § 1631, Khalil's remaining arguments in favor of habeas jurisdiction are lacking. The Supreme Court recently reiterated that for "core habeas petitions" like this one, "jurisdiction lies in only one district: the district of confinement." *Trump v. J. G. G.*, 145 S. Ct. 1003, 1005–06 (2025). And *Padilla* recognizes that "the district of confinement is *synonymous* with the district court that has territorial jurisdiction over the proper respondent." 542 U.S. at 444. Khalil admits his petition flunks these rules; and he offers no sound basis for ignoring them.

*First*, Khalil continues to misread *Ex Parte Endo*. Opp. 24-25. But while he chastises the Government's reading of that case as "dim," he ignores that it is quite literally what the Supreme Court itself has said: "*Endo* stands for the important but *limited* proposition that when the Government moves a habeas petitioner after she *properly files* a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has

legal authority to effectuate the prisoner's release." *Padilla*, 542 U.S. at 441 (emphases added). Because Khalil never properly filed a petition in the District of New Jersey, *Endo* does not apply; that court cannot retain jurisdiction, where jurisdiction never vested in the first place.

*Second*, Khalil's reliance on the unknown custodian exception is misplaced. Opp. 26. As the Supreme Court itself noted, the "unknown custodian" exception applies when "a prisoner is held in an undisclosed location by an unknown custodian," because "it is impossible to apply the immediate custodian and district of confinement rules." 542 U.S. at 450 n.18. As Judge Bork explained his canonical opinion on the subject, the exception is for "very limited and special circumstances." *Demjanjuk v. Meese*, 784 F.2d 1114, 1116 (D.C. Cir. 1986). That is when the ultimate custodian is *unknowable* in some real and sustained sense. But far from "limited and special," it would become utterly routine if it applied to any moment in time where counsel is unable to immediately locate a petitioner's custodian, regardless of the circumstances, or the length of delay.[2]

*Finally*, nothing about the Government's position undermines the "purpose" of the "Great Writ." Opp. 25-27. Khalil's rhetoric rings especially hollow, given the fact

---

[2] Even though Khalil amended his petition at the District Court's request, that does not defeat the issue being presented on appeal, especially given that the Government vehemently objected and declined to waive any of its defenses to personal jurisdiction and venue. *See* Dist. Ct. Dkt. No. 157 (confirming that the Government would not waive "any future challenges to the Court's jurisdiction and venue"). More to the point, even if Khalil adds a proper party, none of that changes the fact the district court is not within his district of confinement, and does not have personal jurisdiction over his immediate custodian.

the Government has been telling him exactly where he can file a habeas petition for *weeks*—and indeed, started doing so after he was first detained. *See* Dist. Ct. Dkt. No. 72 at 2, ¶ 7 (referring to Khalil's notice to appear, which required his appearance in Louisiana for immigration proceedings). Therefore, nothing about the actual facts of this case reflect a circumvention of habeas corpus. The Government has been transparent and consistent about where Khalil should file; the sole cause for delay is Khalil's repeated attempts to avoid his case being heard in the Western District of Louisiana.

2. Khalil contends that this appeal would not materially advance the termination of the litigation. Opp. 28-30. That is a nonstarter, given Khalil's concession this case involves a controlling question of jurisdiction: If the Government is right, the litigation before the District of New Jersey must end, full stop.

That litigation costs "are already sunk" and that "three substantial motions… are fully briefed," Opp. 29, is no reason for tolerating *further* costs and *further* motions, in a case where jurisdiction is (at minimum) deeply questionable. Indeed, *Padilla* itself offers a cautionary tale. There, the petitioner filed his habeas petition in the Southern District of New York two days after he had been transported to South Carolina. 542 U.S. at 432. After two years of litigation with multiple motions and a subsequent appeal, the Supreme Court held that the District of South Carolina was the appropriate jurisdiction for the habeas proceedings and dismissed the action without prejudice. *Id.* at 451. Rather than replicating part of that wasteful course, this Court should intervene now,

and answer this important question of jurisdiction—one that will bear not only on this case, but potentially many others, to the broader service of judicial economy.

\*      \*      \*

# CONCLUSION

For the foregoing reasons, this Court should grant the Government's petition for permission to appeal an interlocutory order under 28 U.S.C. § 1292(b).

Dated: May 2, 2025                    Respectfully submitted,

                                    YAAKOV M. ROTH
                                    Acting Assistant Attorney General
                                    Civil Division

                                    DREW C. ENSIGN
                                    Deputy Assistant Attorney General
                                    Office of Immigration Litigation

                                    ERNESTO H. MOLINA
                                    Deputy Director

                                    SARAH S. WILSON
                                    Assistant Director

                                    ALANNA T. DUONG
                                    Senior Litigation Counsel

                                    *s/ Dhruman Y. Sampat*
                                    DHRUMAN Y. SAMPAT
                                    Senior Litigation Counsel
                                    Office of Immigration Litigation
                                    General Litigation and Appeals Section
                                    PO Box 878, Ben Franklin Station
                                    Washington, D.C. 20044
                                    dhruman.y.sampat@usdoj.gov

                                    RACHEL BROWNING
                                    JOSHUA C. McCROSKEY
                                    Trial Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2025, I electronically filed the foregoing document with the Clerk of the United States Court of Appeals for the Third Circuit by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Senior Litigation Counsel

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains less than 2,600 words.[3] This brief complies with the typeface and the type style requirements of Federal Rule of Appellate Procedure 32 because this brief has been prepared in a proportionally spaced typeface using Word 14-point Garamond typeface.

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Senior Litigation Counsel

---

[3] The Federal Rules of Appellate Procedure do not specifically contemplate a reply in further support of a petition requesting permission to appeal a certified interlocutory order. Fed. R. App. P. 5(b). Given that the Court permitted the Government to file a reply, the Government presumed that application of Federal Rule of Appellate Procedure 27 and its word-limits apply to the filing of this document.